IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| HAND OF YHWH TRUST, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:20-CV-026-Z-BR |
| | § | |
| CONRAD DOMINGUEZ, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS COMPLAINT**

Before the Court is Plaintiff Hand of YHWH Trust's Complaint. (ECF No. 3). A pro se individual has signed the Complaint on behalf of the trust. Plaintiff has paid the filing fee. For the reasons explained below, the Court RECOMMENDS that the Complaint be DISMISSED without prejudice for failure to comply with the Court's orders. Further, the Court RECOMMENDS that plaintiff's Motion to Vacate its prior order (ECF No. 15) be DENIED.[1]

## I.      PROCEDURAL BACKGROUND

On January 28, 2020, plaintiff filed this Complaint, signing as a pro se party on behalf of a trust. (ECF No. 1). No individual claims were raised in the Complaint; however, the same pro se individual signing this Complaint has filed another lawsuit with this Court where he raises individual claims. *See* 2:20-CV-0073-Z-BR. On March 25, 2020, the Court filed an Order Requiring Appearance of Counsel on Behalf of Plaintiff, giving plaintiff until April 14, 2020 to

---

[1] Defendant, Conrad Dominguez, has filed a Motion to Dismiss (ECF No. 11), which plaintiff moved to Strike (ECF No. 13). Plaintiff also moved for default judgment, despite the defendant's timely Motion to Dismiss filed in response to the Complaint. (ECF No. 12). As these Findings and Conclusions recommend dismissal without prejudice because plaintiff, a trust, cannot proceed pro se, the Court declines to address other motions. Even if the Court were to dismiss on a jurisdictional issue, such dismissal would also be without prejudice.

obtain counsel to represent the trust. (ECF No. 14). On April 6, 2020, the pro se individual signing

the Complaint on behalf of the trust filed a Motion to Vacate the March 25, 2020 Order. (ECF No.

15). This indicates to the Court that plaintiff does not intend to comply with the Court's order

regarding counsel.

## II.    ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua*

*sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d

1126, 1127 (5th Cir. 1988) (dismissing a § 1983 prisoner action based on failure to follow court

orders). This authority flows from a court's inherent power to control its docket, prevent undue

delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash*

*R.R. Co.*, 370 U.S. 626, 629–31 (1962).

In the federal courts of the United States, "parties may plead and conduct their own cases

personally or by counsel." 28 U.S.C. § 1654. Although individuals have the right to represent

themselves or proceed *pro se* under this statute, "individuals who do not have a law license may

not represent other parties in federal court even on a next friend basis."  *Weber v. Garza,* 570 F.2d

511, 514 (5th Cir. 1978); *see also Guajardo v. Luna,* 432 F.2d 1324 (5th Cir. 1970) (holding that

only licensed lawyers may represent others in federal court).

It is well-established that corporations are fictional legal persons who can only be

represented by licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02

(1993); *Memon v. Allied Domecq QSR,* 385 F.3d 871, 873 (5th Cir. 2004) (*per curiam*) (citing

*Rowland* and *Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir.

1984) (*per curiam*)); *Southwest Express Co., Inc. v. Interstate Commerce Commission,* 670 F.2d

53, 54–56 (5th Cir. 1982).  "This is so even when the person seeking to represent the corporation

2

is its president and major stockholder." *In re K.M.A., Inc.,* 652 F.2d 398, 399 (5th Cir. 1981) (citation omitted). When a corporation declines to hire counsel to represent it, the court may dismiss its claims if it is a plaintiff, or strike its defenses if it is a defendant. *See Donovan,* 736 F.2d at 1005. "The rationale for prohibiting *pro se* corporate representation also extends to trusts." *U.S. v. Dolenz*, 3:09-CV-13110-O, 2010 WL 428910 (N.D. Tex. Feb. 2, 2010) (citing *Retired Persons Fin. Serv. Clients Restitution Trust v. U.S. Attorney for the Northern District of Texas,* No. 3-03-CV-2658-D, 2004 WL 937170 at *1 (N.D. Tex. Apr. 29, 2004) (collecting cases); *see also Dillard Family Trust v. Chase Home Finance, LLC*, 3:11-CV-1740-L, 2011 WL 6747416, *5 (N.D. Tex. Dec. 23, 2011) (citations omitted) ("a non-attorney trustee may not represent a trust pro se.").

The Court's March 25, 2020, Order gave plaintiff an opportunity to have counsel make an appearance on behalf of the trust. The trust is the sole plaintiff to this lawsuit. Further, the pro se plaintiff has filed an individual case in this Court and understands the appropriate method to bring individual claims. Plaintiff has failed to follow the Court's Order. By the Court's Order, plaintiff was advised as follows:

> If an attorney is not retained to represent the interests of the trust, then the trust must be stricken as a plaintiff for failure to comply with Rule 11(a). As the trust is the only named plaintiff, the case will be dismissed without prejudice for want of prosecution pursuant to Rule 41(b), of the Federal Rules of Civil Procedure. *See Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order).

(ECF No. 14). Based on the failure to file an appearance of counsel, plaintiff has failed to comply with the Court's Order. A pro se individual cannot represent the interests of a trust and the Court cannot allow the case to proceed. The Motion to Vacate filed by the pro se individual who signed the Complaint indicates that the plaintiff does not intend to comply with the Court's Order. As

such, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41, for failure to comply with court orders.

### III.  **RECOMMENDATION**

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Complaint (ECF No. 1) be DISMISSED without prejudice. Further, the Motion to Vacate should be DENIED.

### IV.  **INSTRUCTIONS FOR SERVICE**

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 21, 2020.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

4