IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| HAND OF YHWH TRUST, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:20-CV-26-Z-BR |
| | § | |
| CONRAD DOMINGUEZ, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
TO DISMISS PLAINTIFF'S COMPLAINT**

On April 21, 2020, the United States Magistrate Judge entered findings and conclusions in this case (ECF No. 16). The Magistrate Judge RECOMMENDS that Plaintiff's complaint be DISMISSED without prejudice for failure to follow court orders. Further, the Magistrate Judge RECOMMENDS that Plaintiff's motion to vacate the court's prior order ("motion to vacate") (ECF No. 15) be DENIED. On April 30, Plaintiff timely filed objections to the Magistrate Judge's findings, conclusions, and recommendation (ECF No. 17).

After making an independent review of the pleadings, files, and records in this case as well as Plaintiff's objections, the Court concludes that the findings and conclusions are correct and OVERRULES Plaintiff's objections.

**ANALYSIS**

Because Plaintiff objected to the Magistrate Judge's recommended disposition of the case, the Court reviews the disposition *de novo*. *See* FED. R. CIV. P. 72(b)(3). The review here is straightforward. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel" because corporations are fictional legal

persons. *Rowland v. California Men's Colony,* 506 U.S. 194, 201–02 (1993) (citations omitted); *see also Memon v. Allied Domecq QSR,* 385 F.3d 871, 873 (5th Cir. 1970) (assuming that it is a "well-settled rule of law that a corporation cannot appear in federal court unless represented by a licensed attorney" (citations omitted)). This Court has repeatedly extended this requirement to trusts because they, like corporations, are fictional legal persons. *See, e.g., Dillard Family Trust v. Chase Home Finance, LLC,* 2011 WL 6747416, at *5 (N.D. Tex. Dec. 23, 2011) (citations omitted); *United States v. Dolenz,* 2010 WL 428910, at *1 (N.D. Tex. Feb. 2, 2010) (citations omitted). Plaintiff, who proceeds *pro se*, pleads no facts and provides no authority to support its legal conclusion to the contrary, and the Court can identify no error in its prior reasoning.

Moreover, the Court's order entered on March 25, 2020, gave Plaintiff an opportunity to have counsel make an appearance on behalf of the trust, which is the sole plaintiff in this case. Plaintiff failed to follow the Court's order and has indicated that in its motion to vacate that it does not intend to comply with that order. The Court therefore FINDS that the Magistrate Judge correctly recommended dismissal of the case under Rule 41(b) for failure to comply with court orders and ORDERS that Plaintiff's complaint be DISMISSED without prejudice.

Plaintiff's objections to the Magistrate Judge's findings, conclusions, and recommendation are copied almost verbatim from its objections in another case filed in this Court on April 29, 2020. *See Cherokee Administrative Trust v. Ayala et al.*, No. 2:20-CV-72-Z-BR, ECF No. 11. As in that case, Plaintiff's objections here fail to alter the Court's analysis above. Plaintiff's objection that it has not received any order to secure counsel from the Court is belied by Plaintiff's citation to specific findings — and even formatting — from the allegedly unreceived document in its motion to vacate. *See* ECF No. 15 ¶ 7. Plaintiff also asserts that the Magistrate Judge currently has a side job as counsel for the Defendants, is an agent of a foreign government, or is biased against Plaintiff.

However, it provides facts to support its this threadbare claim. The Court therefore FINDS that no reason exists under 28 U.S.C. § 455 to disqualify the Magistrate Judge from this case. As such, the Magistrate Judge's administration of pretrial matters in this case was proper under the automatic referral of Special Order No. 3-251. The Court therefore DENIES Plaintiff's motion to vacate.

**ORDER**

Accordingly, it is ORDERED that the findings, conclusions, and recommendation of the Magistrate Judge (ECF No. 16) are ADOPTED, the Plaintiff's motion to vacate (ECF No. 15) is DENIED, and that Plaintiff's complaint (ECF No. 1) is DISMISSED without prejudice.

**SO ORDERED**.

May *13*, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE